**RECORD NO. 14-1646**

In The

# United States Court Of Appeals

## For The Fourth Circuit

# WALTER NIELSEN,

*Plaintiff - Appellee,*

v.

# CHUCK HAGEL, Secretary of Defense, Pentagon,

*Defendant - Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT ALEXANDRIA**

————————

**BRIEF OF APPELLEE**

————————

**Mindy G. Farber**
**Theodore P. Stein**
**FARBER LEGAL, LLC**
**10411 Motor City Drive**
**Suite 750**
**Bethesda, MD 20817**
**(240) 395-1377**

*Counsel for Appellee*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case.  In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form.  Counsel has a continuing duty to update this information.

No. _____      Caption: _____

Pursuant to FRAP 26.1 and Local Rule 26.1,

_____
(name of party/amicus)

_____

 who is _____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)


1.      Is party/amicus a publicly held corporation or other publicly held entity?      YES      NO


2.      Does party/amicus have any parent corporations?                          YES      NO
        If yes, identify all parent corporations, including grandparent and great-grandparent corporations:



3.      Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                                  YES      NO
        If yes, identify all such owners:

4.    Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?      YES      NO
If yes, identify entity and nature of interest:

5.    Is party a trade association? (amici curiae do not complete this question)      YES      NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.    Does this case arise out of a bankruptcy proceeding?      YES      NO
If yes, identify any trustee and the members of any creditors' committee:

Signature: _____      Date: _____

Counsel for: _____

## CERTIFICATE OF SERVICE

**************************

I certify that on _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

_____      _____
(signature)      (date)

## <u>TABLE OF CONTENTS</u>

PAGE:

TABLE OF AUTHORITIES ................................................................. ii

JURISDICTIONAL STATEMENT ....................................................1

STATEMENT OF ISSUES PRESENTED FOR REVIEW .....................1

STATEMENT OF THE CASE...........................................................2

SUMMARY OF THE ARGUMENT ...................................................5

ARGUMENT ................................................................................6

    I.    THIS COURT LACKS SUBJECT-MATTER JURISDICTION
        OF THIS APPEAL BECAUSE THE TRIAL COURT'S ORDER
        IS NOT A FINAL DECISION ................................................6

    II.   NIELSEN PROPERLY STATED A CLAIM FOR RELIEF FOR
        VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF
        1964 ................................................................................8

    III.  NIELSEN'S ADMINISTRATIVE EEO COMPLAINT WAS
        TIMELY FILED................................................................11

CONCLUSION............................................................................15

STATEMENT REGARDING ORAL ARGUMENT ............................16

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

PAGE(S):

<u>CASES</u>:

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)................................................................7, 9

*Bell Atlantic Corp.* v. *Twombly*,
    550 U.S. 544 (2007)...................................................................9

*Carter v. Ball*,
    33 F.3d 450 (4th Cir. 1994) ......................................................10

*Catlin* v. *United States*,
    324 U.S. 229 (1945)...................................................................6

*Cohen v. Beneficial Indus. Loan Corp.*,
    337 U.S. 541 (1949)...................................................................7

*Erickson v. Pardus*,
    551 U.S. 89 (2007).................................................................9, 10

*Estelle v. Gamble*,
    429 U.S. 97 (1976)....................................................................9

*Fletcher* v. *The Washington and Lee University*,
    706 F.2d 475 (4th Cir. 1983) .....................................................7

*McNairn v. Sullivan*,
    929 F.2d 974 (4th Cir. 1991) ...................................................11

*Schaff* v. *Shalala*, 1994 WL 395751 (D.Md.), *aff'd*,
    70 F.3d 112 (4th Cir. 1995) .......................................................8

*United States* v. *Jefferson*,
    546 F.3d 300 (4th Cir. 2008) .....................................................6

*Williams v. Giant Food, Inc.*,
    370 F.3d 423 (4th Cir. 2004) ...................................................10

ii

STATUTES:

28 U.S.C. § 1291 ...............................................................................1, 5, 6, 7

28 U.S.C. § 1292(b) ........................................................................................7

28 U.S.C. § 1331 ............................................................................................1

42 U.S.C. § 2000e, *et seq.*...................................................*passim*

42 U.S.C. § 2000e-2(a) ...............................................................................10

RULES:

Fed. R. Civ. P. 8 ............................................................................................9

Fed. R. Civ. P. 12(b)(6)...........................................................................4, 6

Fed. R. Civ. P. 54 ...........................................................................................7

REGULATION:

29 C.F.R. § 1614.604(c)..............................................................................15

OTHER:

EEOC Management Directive 110 Ch. 3, §III(D)(1)(b)..........................................12

## JURISDICTIONAL STATEMENT

The District Court had federal question jurisdiction of this case pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, and 28 U.S.C. § 1331. This Court does not have subject-matter jurisdiction of this appeal because the Order of May 2, 2014 from which this appeal is taken is not a "final decision" pursuant to 28 U.S.C. § 1291.

### STATEMENT OF ISSUES PRESENTED FOR REVIEW

1. Whether this Court has subject-matter jurisdiction where the order from which this appeal is taken is not a final decision pursuant to 28 U.S.C. § 1291 and does not fall within the collateral-order exception.

2. Whether Nielsen properly stated a claim for employment discrimination in violation of Title VII where his complaint alleges that he was denied promotions and pay raises because he is Hispanic.

3. Whether Nielsen's formal EEO administrative complaint was timely filed where federal law provides that a notice of right to file such a complaint--which starts a 15-day filing period--cannot be transmitted until the final interview and no final interview occurred.

## STATEMENT OF THE CASE

Appellee Walter Nielsen is a U.S. Department of Defense ("DoD") employee. Complaint (hereafter, "Compl.") at 2-4, Joint Appendix (hereafter, "JA"), at JA004-JA006.  At all times pertinent to this matter, Nielsen was assigned to the DoD's Pentagon Renovation and Construction Program Office.  *Id.*  Nielsen is Hispanic. Compl., at 3, 76, JA 005, JA078.

On May 25, 2010, Nielsen initiated pre-complaint EEO counseling at DoD's Washington Headquarters Services ("WHS") EEO Programs Office, alleging that he had been denied promotions to Grade 14 and Grade 15 and salary increases for discriminatory reasons. Memorandum of Law in Support of Defendants' Motion to Dismiss for Failure to State a Claim or For Summary Judgment (hereafter, "DoD Mem."), Exh. 1, at 2, JA 109.  Nielsen elected to proceed with the alternative dispute resolution ("ADR") process, as permitted by applicable federal policies and regulations, but the ADR process "never progressed beyond the ADR specialist obtaining [his] and [his] supervisor's agreements to participate."  Compl., at 2, JA004.  On August 18, 2010, DoD issued to Nielsen a Notice of Right To File Discrimination Complaint.  DoD failed to provide Nielsen a "final interview," as required by federal regulation and written policy manuals, prior to issuing the notice. In fact, DoD failed to provide a "final interview" at any time thereafter.

On September 8, 2010, the day that DoD asserts his formal EEO administrative complaint was due, Nielsen contacted his EEO counselor to ask for an extension to file his formal complaint. Compl., at 5, JA007. The counselor asked Nielsen if he could turn in the formal complaint the following week. When Nielsen responded "probably not," the counselor told him to submit the complaint "as soon as he could." *Id.* In his formal complaint, Nielsen asserted discrimination claims based on race (Hispanic), sex (male) and age (54). DoD Mem., Exh. 5, at JA 197. Nielsen alleged discrimination in ten separate instances. DoD Mem., Exh. 5, at JA197-JA198. Nielsen claimed, *inter alia*, that he had been "the subject of a pattern of discrimination regarding his pay/salary." *Id.* On April 1, 2011, the WHS issued a Notice of Dismissal of Discrimination Complaint, dismissing Nielsen's complaint because DoD claimed he did not file his complaint within 15 days of receipt of the notice of the right to file a formal complaint. *Id.* On appeal to the EEOC, the dismissal of Nielsen's complaint was affirmed.

On December 26, 2013, Nielsen filed his complaint in the District Court *pro se*. With attachments, his complaint spanned 89 pages. Compl., at 1-89, JA003-JA091. In his complaint, Nielsen, who is Hispanic, alleges multiple instances of employment discrimination arising from DoD's failure to pay him at rates and promote him to pay grades commensurate with other similarly-situated non-Hispanic employees. Compl., at 73-89, JA 075 – JA 091. For example, in 2010,

Nielsen, who was a GS-13 employee since 2005, unsuccessfully applied for a promotion to a GS-14 position.  Compl., at 73-75, JA 075-JA077.

Nielsen also objected to procedural defects in the alternative dispute resolution process followed by the DoD, including, *inter alia,* DoD's failure to accord him a "final interview," although a final interview was required prior to completion of the ADR process by applicable EEOC regulations and DoD policy manuals.  Compl., a 1-2, JA003-JA004.  Nielsen incurred significant damages because of DoD's discriminatory conduct.  In 2010, his compensation suffered.  He was ranked "in the bottom 7% of the Enterprise Pay Pool."  Compl., at 73, JA 075.  He also did not receive additional pension contributions to his pension plan because of the diminished compensation.  Compl., at 77, JA 079.

On March 24, 2014, DoD filed a motion to dismiss or for summary judgment.  In its motion, DoD asserted that the complaint should be dismissed for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

First, DoD asserted that Nielsen's complaint failed properly to state a claim because it only complained about procedural defects in the ADR process at the DoD and Title VII does not permit a cause of action solely to challenge such procedural violations.  Second, DoD asserted the complaint should be dismissed because Nielsen failed to file his formal EEO administrative complaint within the 15-day period set forth in EEOC regulations.

On May 2, 2014, at a hearing, U.S. District Judge Leonie M. Brinkema denied DoD's motion to dismiss or for summary judgment. In its May 2, 2014 Order, the District Court incorporated by reference the grounds stated in open court as the basis for the denial of DoD's motion. JA 302. In particular, the Court ruled that Nielsen had properly stated at least one Title VII claim for employment discrimination. JA 306. At the hearing, DoD conceded that it had not afforded Nielsen the final interview required by EEO regulations and DoD policy manuals. JA 305. Accordingly, the Court remanded the case to the DoD to afford Nielsen the final interview he had been denied. JA 306. The Court dismissed the complaint without prejudice. JA 302. Most important, the District Court did not rule that it was proper for Nielsen to assert a Title VII claim based solely on procedural defects in the administrative EEO process. JA 302 – JA 306.

DoD did not object either to the remand to the agency or the dismissal of the complaint without prejudice. JA 303 – JA 307.

## SUMMARY OF THE ARGUMENT

This Court lacks subject-matter jurisdiction of this appeal because the Order of May 2, 2014 from which DoD appeals is not a final decision pursuant to 28 U.S.C. § 1291 and does not fall within the collateral-order exception because it is not premised on an issue of law. Nielsen properly stated a claim for at least one violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, based on

employment discrimination for failure to promote. Nielsen's formal EEO administrative complaint was timely filed because under federal law the 15-day deadline on which DoD relies did not commence to run until Nielsen received a "final interview" and Nielsen did not receive a "final interview."

<u>ARGUMENT</u>

I.    THIS COURT LACKS SUBJECT-MATTER JURISDICTION OF THIS APPEAL BECAUSE THE TRIAL COURT'S ORDER IS NOT A FINAL <u>DECISION</u>

Congress has vested the Courts of Appeals with "jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. The Court is required, therefore, "to ascertain whether we possess jurisdiction of an appeal, an issue we assess de novo." *United States* v. *Jefferson*, 546 F.3d 300, 308 (4th Cir. 2008). A "final decision" is "one that ends the litigation on the merits and leaves nothing for the court to do but execute judgment." *Catlin* v. *United States*, 324 U.S. 229, 233 (1945).

The denial of a motion to dismiss for failure to state a cause of action pursuant to Fed. R. Civ. P. 12(b)(6) ordinarily is not a reviewable matter because it does not lead to a final judgment. *Fletcher* v. *The Washington and Lee University*, 706 F.2d 475, 478 (4th Cir. 1983).

In this case, the District Court did not enter a final judgment. JA 302. Instead, the Court denied DoD's motion to dismiss for failure to state a claim upon which

relief can be granted, remanded the case to the DoD's EEO Programs office for further proceedings, and dismissed the complaint without prejudice. DoD did not object to the dismissal without prejudice and the remand to the agency.

The Order is not among the exceptions to the final decision rule that are set forth in federal law. *See* 28 U.S.C. § 1292(b); Fed. R. Civ. P. 54. Thus, the Court only possesses appellate jurisdiction if the District Court's order falls within the collateral-order exception. The issue is whether the District Court's order is among "that small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

In its brief, DoD argues that the District Court should have dismissed the complaint with prejudice. DoD asserts that the District Court's Order is contrary to case law in other circuits that a plaintiff does not have a Title VII claim if it rests solely on procedural violations in the EEO administrative process. A collateral-order exception may be present where an order denying a motion to dismiss turns on an issue of law. *See, Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009)("[A] district court's order rejecting qualified immunity at the motion-to-dismiss stage of a proceeding is a 'final decision' within the meaning of § 1291.")(citation omitted). Unfortunately

for DoD, the Order of May 2, 2014 does not fall within the collateral-order exception.

The District Court found that Nielsen properly had alleged at least one Title VII claim based on employment discrimination.  Transcript of Motion Hearing, at 1-5, JA 303-JA307.  Even if the District Court had agreed with DoD that the complaint did not state a *substantive* Title VII claim for employment discrimination, it was well within its discretion to dismiss the complaint with leave to amend to allow Nielsen an opportunity to allege one or more Title VII claims.  Accordingly, the Court should dismiss this appeal for lack of subject-matter jurisdiction.

## II.    NIELSEN PROPERLY STATED A CLAIM FOR RELIEF FOR VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

In its brief, DoD asserts that Nielsen only alleged procedural defects as a basis for his complaint.  DoD argues that Nielsen's complaint must fail because Title VII creates only a cause of action for discrimination and "does not create an independent cause of action right for the mishandling of an employee's discrimination complaints." *Schaff* v. *Shalala*, 1994 WL 395751, at *3 (D.Md.), *aff'd*, 70 F.3d 112 (4th Cir. 1995). But DoD is wrong in its allegation that the complaint failed to state a substantive Title VII claim based on employment discrimination.

In its Order of May 2, 2014, the District Court incorporated by reference the reasons stated at the May 2 hearing before the trial court.  In denying DoD's motion to dismiss or for summary judgment, Judge Brinkema rejected DoD's argument and

8

found that the complaint stated a substantive Title VII claim for employment discrimination based on Nielsen's Hispanic heritage. JA 306. Although the District Court was skeptical that there was more than one such Title VII claim that was not time-barred, the essential element is that the Court found that Nielsen had stated *at least one* proper claim for a Title VII violation based on employment discrimination.

Pursuant to Fed. R. Civ. P. 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)). A document filed *pro se* by a party is "to be construed liberally." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(quoting, *Estelle v. Gamble*, 429 U.S. 97 , 104-05 (1976)(per curiam). A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." 429 U.S. at 106 (internal quotation omitted).

In this case, the District Court found that Nielsen had alleged at least one viable and substantive Title VII claim based on employment discrimination. JA 306. Title VII makes it "an unlawful employment practice for an employer* * *to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color,

religion, sex or national origin." 42 U.S.C. § 2000e-2(a). To establish a *prima facie* claim of discriminatory failure to promote under Title VII, a plaintiff must show that: (1) he is a member of a protected group, (2) there was a specific position for which he applied, (3) he was qualified for that position, and (4) [the employer] rejected his application under circumstances that give rise to an inference of discrimination. *Williams v. Giant Food, Inc.*, 370 F.3d 423, 430 (4th Cir. 2004).

In his complaint, Nielsen, who is Hispanic, alleges that he was denied a promotion to Grades 14 and 15 and that employees who were not members of a protected class received such promotions. In 2010, Nielsen, who was a GS-13 employee since 2005, unsuccessfully applied for a promotion to a GS-14 position. Compl., at 73-75, JA 075-JA077. Nielsen also alleges in great detail that he was qualified for the positions he sought. A showing that a person outside of a protected class received a promotion instead of Nielsen is sufficient to give rise to an inference of discrimination. *Carter v. Ball*, 33 F.3d 450, 458 (4th Cir. 1994). Nielsen bolstered his claim by making additional specific allegations in documents attached to the complaint. *Erickson*, 551 U.S. at 94. Thus, Nielsen has alleged facts that give rise to an inference of discrimination sufficient to withstand a motion to dismiss.

Alternatively, Nielsen properly stated a claim for employment discrimination based on disparate impact. To establish a claim based on disparate impact, a plaintiff must show (1) that there is underrepresentation of qualified members of a protected

class promoted to positions in question and (2) "that specific elements of the employer's promotion criteria had a significant disparate impact on the protected class." *McNairn v. Sullivan*, 929 F.2d 974, 979 (4th Cir. 1991). In his complaint, Nielsen cites employment participation rates showing that Hispanics at WHS participated at a 1.5% rate, well below the employment participation rate of Hispanics in the National Civilian Labor Force (6.2%). Compl., at 4, 64-65, JA 006, JA 066-JA 067. Thus, at the motion to dismiss stage, Nielsen pleaded sufficient facts to show disparate impact grounds for the alleged employment discrimination that denied him one or more promotions.

Moreover, even if the District Court had concluded *arguendo* that Nielsen, who was *pro se* in the trial court, had failed to state a proper *substantive* Title VII claim, the District Court was well within its discretion to have dismissed the complaint with leave to amend. In fact, although its motion to dismiss was denied, DoD achieved the same relief sought by its motion—a dismissal of the complaint. Nowhere in its motion or at the hearing on its motion did DoD request dismissal *with prejudice*. Accordingly, the Order of May 2, 2014, should be affirmed.

III.   NIELSEN'S ADMINISTRATIVE EEO COMPLAINT WAS TIMELY FILED.

In its brief, DoD asserts, alternatively, that Nielsen's failure to file a formal administrative discrimination complaint within 15 calendar days from receipt of a

11

notice to file amounts to a failure to exhaust administrative remedies and is grounds for dismissal.   DoD's argument lacks any merit.

In this case, as Nielsen asserts in his complaint (Compl., at 1, JA 003), the 15-day period for filing an administrative EEO complaint never started to run.  It is undisputed that Nielsen's EEO counseling and administrative complaint procedures are governed by the Washington Headquarters Services Administrative Instruction ("AI").  Compl., at 9 – 25, JA 011 – JA 027.  Pursuant to the AI, "If an aggrieved individual initially elects to participate in the CRP (Collaborative Resolution Program) process and the process is unsuccessful, the individual may continue with the EEO complaint process by meeting with an EEOP staff member for a final interview. The EEOP staff member shall obtain the information listed in paragraph E2.6.3 and shall inform the individual in writing of his or her rights and responsibilities in the EEO process, define the basis(es) and issue(s) in the complaint, and describe the relief sought.[1]  The individual shall be issued a notice of

---

[1] DoD also violated the requirement that it provide Nielsen with a written, comprehensive Counselor's Report. *See* AI, at 11, JA 021-JA 022 ("The EEOP staff member shall obtain the information listed in paragraph E2.6.3 and shall inform the individual *in writing* of his or her rights and responsibilities in the EEO process, define the basis(es) and issues(s) in the complaint, and describe the relief sought.") (emphasis added); EEOC Management Directive 110 Ch. 3, §III(D)(1)(b) ("In the event there is no resolution, *the agency must ensure that a Counselor's report is prepared and the aggrieved person is given a final interview and informed of the right to file a formal complaint*.")(emphasis added). Most telling is DoD's admission that the total hours devoted to Nielsen's case was zero.  DoD Mem., Exh. 1, at 4, JA 111.

right to file a formal complaint *at the conclusion of this final interview*,* * *." AI, E2.6.6; JA 021 – JA 022 (emphasis added). The form on which the formal administrative complaint is to be filed provides as follows:

> Your complaint must be filed *within 15 calendar days of the date of your final interview with the Equal Employment Opportunity Counselor*. If the matter has not been resolved to your satisfaction within 30 calendar days of your first interview with the Equal Employment Opportunity Counselor and the final counseling interview has not been completed within that time, you have the right to file a complaint at any time thereafter *up to 15 days after the final interview* (emphasis added).

Compl., at 26, DD Form 2655, NOV 93 (BACK), JA 028. Thus, the giving of the notice of right to file a formal complaint is inextricably intertwined with the provision of the final interview. Absent the final interview, the DoD is not authorized to transmit a notice of right to file a formal complaint because such notice can only be provided *at the conclusion of the final interview*.

In this case, it is undisputed that no final interview occurred. The hearing colloquy makes that abundantly clear:

> THE COURT: All right. Was there or was there not a final interview with Mr. Nielsen at the EEOP level?
> MS. KONKOLY: There was not an in-person interview. There was an e-mail that was sent that –
> THE COURT: An e-mail is not an interview.
> MS. KONKOLY: The DoD's position would be that under the regs, an interview—or an e-mail can in certain circumstance constitute a final interview. There was no in-person interview, though.
> THE COURT: All right.
> MS. KONKOLY: We don't contest that.

13

JA 304 – JA 305.  In addition, in its brief, DoD fails to take a position on whether there was a final interview.  DoD Br., at 4-5 n. 1.  Thus, the 15-day period for filing a formal EEO administrative complaint never started to run.

In its brief, DoD wrongly asserts that a remand to the agency at this point would be inappropriate.  DoD Br., at 12.  DoD further asserts that "[t]he only information that could have been provided to plaintiff during a final interview would have been notice of his right to file a discrimination complaint with the agency.  *Id.* As discussed herein, such an interview is important because it would have started the running of the 15-day period for the filing of a formal EEO complaint.  The counselor would have assisted Nielsen in preparing his administrative complaint, reminding him of his rights and responsibilities. The requirement that the notice of right to file formal complaint be given at the conclusion of the final interview would have underlined the importance to Nielsen of filing his formal EEO complaint within the 15-day period.  Moreover, at a final interview, Nielsen could have reiterated his position that the DoD had failed to give him the mediation he had asked for.  That may have led to mediation and a resolution of this dispute.  This dispute, therefore, could have been resolved in mediation or absent such resolution by the formal EEO administrative complaint process, without the need for Nielsen to resort to a district court complaint.  This is the rationale for such ADR procedures.

Even if the 15-day period were to apply here, it is subject to equitable tolling or, alternatively, the DoD is estopped from asserting it. Under federal regulations, "The time limits in this part are subject to waiver, estoppel and equitable tolling." 29 C.F.R. § 1614.604(c). In this case, there are ample grounds for imposing equitable tolling or estopping the DoD from asserting the 15-day deadline. In its brief, the DoD concedes that its representative advised Nielsen it would be acceptable for him to submit his complaint beyond the 15-day cutoff. Nielsen's unrebutted testimony is that the EEO counselor told him to turn in his complaint as soon as he could, knowing that the 15-day cutoff had passed. Accordingly, the DoD's conduct in this case precludes it from asserting the 15-day deadline.

<u>CONCLUSION</u>

For the foregoing reasons, this appeal should be dismissed for lack of subject-matter jurisdiction or, alternatively, the Order of May 2, 2014, should be affirmed.

Dated: December 8, 2014   FARBER LEGAL, LLC

       By: s/ Theodore P. Stein
         Mindy G. Farber
         Theodore P. Stein
         10411 Motor City Drive
         Suite 750
         Bethesda, Maryland  20817
         (240) 395-1377
         (240) 395-2347 (fax)
         Counsel for Appellee

15

## STATEMENT REGARDING ORAL ARGUMENT

For the reasons stated in this response brief, Nielsen believes this Court should dismiss the appeal for lack of subject-matter jurisdiction or, alternatively, affirm the Order entered in the trial court on May 2, 2014, without the need for oral argument. Nielsen, by counsel, is prepared to participate in oral argument should the Court deem it desirable.

<u>CERTIFICATE OF COMPLIANCE WITH RULE 32(a)</u>
Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.    This brief complies with the type-volume limitation of Fed. R. App. P.
32(a)(7)(B) because:

this brief contains <u>3,500</u> words, excluding the parts of the brief
exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P.
32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

this brief has been prepared in a proportional spaced typeface using
<u>Microsoft Word</u> in <u>14 point Times New Roman</u>.


FARBER LEGAL, LLC

By:    <u>/s/ Theodore P. Stein</u>
Mindy G. Farber
Theodore P. Stein
10411 Motor City Drive
Suite 750
Bethesda, Maryland  20817
(240) 395-1377
(240) 395-2347 (fax)
Counsel for Appellee


Dated: December 8, 2014

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on December 8, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Lowell V. Sturgill, Jr.
Attorney, Civil Division
Appellate Staff, Room 7241
Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
(202) 514-3427
Lowell.Sturgill@usdoj.gov

*Counsel for Appellant*

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/ Karen R. Taylor
Karen R. Taylor
GIBSON MOORE APPELLATE SERVICES, LLC
421 East Franklin Street, Suite 230
Richmond, VA  23219